UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LENA BRADFORD,

    Plaintiff,

v.                                                            Case No. 1:08-CV-798

CHALLENGE MANUFACTURING              HON. GORDON J. QUIST
COMPANY,

    Defendant.
_____/

## **MEMORANDUM ORDER**

This matter is before the Court on Defendant's motion for summary judgment and Plaintiff's motion for partial summary judgment. The Court heard oral argument on April 20, 2010, and took the motions under advisement. For the reasons set forth below, the Court will deny both motions.

Because the parties are familiar with the essential facts and evidence they submitted in support of, and in opposition to, the instant motions, the Court will refer to specific facts only as necessary to its analysis. In short, Defendant terminated Plaintiff's employment for violating Defendant's three-day no call/no show rule. Plaintiff alleges that Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* when it terminated her.

The FMLA provides two types of claims or theories of liability. *See Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004); *Arban v. West Publ'g Corp.*, 345 F.3d 390, 400-01 (6th Cir. 2003). The first theory is the "entitlement" or "interference" theory, which is based upon the substantive rights created by the FMLA. *Arban*, 345 F.3d at 401. An employer is liable under this theory if it interferes with an employee's FMLA-created right to medical leave or to reinstatement following the leave. 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer

to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title."). The second type of FMLA claim is a "retaliation" or "discrimination" theory, which arises under 29 U.S.C. § 2615(a)(2). That provision states that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title." *See also* 29 C.F.R. § 825.220(c) (prohibiting employers from "us[ing] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions"). Plaintiff asserts both types of claims.

### *Interference Claim*

Defendant contends that it is entitled to summary judgment on Plaintiff's interference claim because it terminated Plaintiff for violating the three-day no call/no show rule – a legitimate work rule unrelated to Plaintiff's request for FMLA leave – thus Plaintiff cannot show that Defendant interfered with her FMLA rights. Plaintiff contends that she is entitled to summary judgment because Defendant interfered with her FMLA rights by sending her home and effectively suspending her, even though she had until April 17, 2008, under 29 C.F.R. § 825.305(b), to submit a proper FMLA certification.

The Court will deny Defendant's motion because a disputed issue of material fact remains with regard to whether the three-day rule applied to Plaintiff's situation. While Defendant's attendance policy requires employees to call in their absences each day, nothing in the policy suggests that an employee sent home to obtain a proper FMLA certification is required to call in. Plaintiff's evidence shows that Defendant does not require employees on vacation, on FMLA or other types of leaves, or on disciplinary suspensions to call in. (Brower Dep. at 54.) Given that Plaintiff's circumstances are analogous to those types of absences – where Defendant already knows that the employee will be missing work and the reason for the absence – a jury could conclude that

2

the three-day rule did not apply to Plaintiff's circumstances. Moreover, Plaintiff has shown that Defendant instructed employees to deal only with FMLA Source on FMLA matters and that FMLA Source kept Defendant informed of Plaintiff's efforts to obtain a proper certification after Plaintiff was sent home. (Pl.'s Br. Resp. Def.'s Mot. Exs. 9, 11; Brower Dep. at 18.) These facts provide additional evidentiary support from which a reasonable jury could conclude that Plaintiff was not required to call in after being sent home.[1]

A dispute of material fact also exists as to whether Defendant used the three-day rule to deny Plaintiff FMLA leave. Defendant did not terminate Plaintiff until April 21, 2008, even though it claims that she violated the three-day rule as of April 3, 2008. Because an employer does not violate the FMLA if it would have terminated the employee regardless of FMLA leave, *see Arban v. West Publishing Corp.*, 345 F.3d 390, 401 (6th Cir. 2003), a reasonable jury could infer from Defendant's unexplained delay in terminating Plaintiff that Defendant used the three-day rule to deny Plaintiff FMLA leave. In addition, Plaintiff has presented evidence that Brower and Lighty, both of whom were involved in the termination decision, expressed concerns about Plaintiff's excessive absences and mentioned Plaintiff's upcoming FMLA leave in meetings regarding Plaintiff's termination. (Lawrence Dep. at 19, 56.) Finally, Brower testified that he discharged Plaintiff on April 21 because FMLA Source had denied Plaintiff FMLA leave, but his testimony is contradicted by the record. (Brower Dep. at 51.) A jury may infer from this evidence that Defendant used the three-day rule to thwart Plaintiff's FMLA leave when it appeared that Plaintiff was able to establish that her absences were FMLA qualified.

---

[1] There is also conflicting evidence whether Art Wallace told Plaintiff to call in when he sent her home. Plaintiff claims he did not, while Wallace claims he did, although he did not mention it until several months later in an email to Brower.

The Court will deny Plaintiff's motion for summary judgment because, as set forth above, genuine issues of material fact remain on Plaintiff's interference claim and at this stage it is not entirely clear how Defendant's act of sending Plaintiff home interfered with or burdened Plaintiff's FMLA rights, such that Plaintiff is entitled to summary judgment. Therefore, the Court concludes that, at this point, Plaintiff's claim should be submitted to a jury, although Plaintiff may renew her motion for judgment as a matter of law at trial if she believes a basis exists for such a motion.

*Retaliation Claim*

Genuine issues of material fact also preclude summary judgment on Plaintiff's retaliation claim. Plaintiff has established a prima facie case of retaliation because she has shown that: (1) she availed herself of a right protected by the FMLA[2]; (2) she was adversely affected by an employment decision; and (3) there is a causal connection between the protected activity and the adverse action. *Skrjanc v. Great Lakes Power Co.*, 272 F.3d 309, 314 (6th Cir. 2001). With regard to the last element, in addition to temporal proximity, Plaintiff's evidence that Brower and Lighty discussed her upcoming leave and excessive absences in connection with the termination is sufficient to establish a causal connection. While Defendant has presented a legitimate, nondiscriminatory reason for Plaintiff's discharge, Plaintiff has presented sufficient evidence to establish pretext. This evidence includes: (1) Defendant's delay in discharging Plaintiff, *see Larios v. McLane Co.*, No. 06-1330-HA, 2008 WL 1925036, at *3 (D. Or. Apr. 29, 2008) (stating that "defendants' delay in commencing the termination proceedings shows pretext" because the plaintiff "worked several days

---

[2]Defendant's reliance upon *Dortman v. ACO Hardware, Inc.*, 405 F. Supp. 2d 812 (E.D. Mich. 2005), as support for its argument that Plaintiff was not engaged in protected activity at the time of her discharge is misplaced. The plaintiff in *Dortman* had used up all of her FMLA leave time and was thereafter terminated because she did not return to work. The court noted that where an employee has used up all of her leave time but does not return to work, there is no right to reinstatement. Here, Plaintiff had not used up all of her leave time. Moreover, pertinent Sixth Circuit authority merely requires a plaintiff to show that she engaged in a protected activity, not that she was engaged in the protected activity at the time of the adverse action. *See Arban*, 345 F.3d at 404.

4

after arriving late on July 22, and he was not told he was being terminated until after he filed his workers compensation claim"); *Hicks v. Ark. Dep't of Health & Human Servs.*, No. 4:05CV00538 JLH, 2006 WL 2551367, at *12 (E.D. Ark. Sept. 5, 2006) (holding that defendants' delay in firing the plaintiff after an alleged death threat was evidence of pretext); (2) Brower's and Lighty's comments and concerns about Plaintiff's excessive absences and her upcoming FMLA leave during discussions concerning Plaintiff's discharge; (3) Brower's claim that he terminated Plaintiff after FMLA Source denied her FMLA leave, when in fact FMLA Source never denied Plaintiff leave; and (4) the timing of the discharge, just as it appeared that Plaintiff's leave would be approved. A reasonable jury could conclude from this evidence that Defendant's proffered reason is pretext.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (docket no. 51) and Plaintiff's Motion for Partial Summary Judgment (docket no. 57) are **DENIED**.

Dated: April 30, 2010             /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE